Betty Jo BOMHOFF, Plaintiff,

v.

Paul WHITE, Bill Scott, Jerry Kehl, Herb Kell, and the Board of Trustees, Quartzsite School District, Number 4, Defendants.

Civ. No. 80–121 PHX–EHC.

United States District Court,
D. Arizona.

Oct. 28, 1981.

Richard D. Engler, Engler & Engler, Yuma, Ariz., for plaintiff.

Daniel P. Jantsch, Weyl, Guyer, MacBan & Olson, Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

CARROLL, District Judge.

This is a suit brought under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution. The amended complaint alleges two federal claims and a pendent state claim arising from the plaintiff's discharge from her nontenured teaching position.

Defendants have moved for summary judgment pursuant to F.Civ.R. 56, with respect to all counts, or alternatively for an order of dismissal pursuant to F.Civ.R. 12(b)(6), with respect to Counts One and Two. Subsequently, plaintiff responded to such motion and simultaneously filed a cross-motion for partial summary judgment.

This matter was argued to the Court and taken under advisement on Monday, August 17, 1981. Upon consideration of all related memoranda, affidavits and exhibits offered in support of and in opposition to such motions, the Court finds and concludes for the reasons set forth below that the motions should be granted in part and denied in part.

## I. FACTUAL BACKGROUND

Plaintiff Betty Jo Bomhoff was a non-tenured teacher with the Quartzsite School District Number 4, Ehrenberg Elementary School, for the school years 1977–78 and 1978–79. On April 2, 1979, an executive board meeting of the defendant trustees was held for purposes of discussing in closed session the renewal of individual probationary teacher contracts. The renewal of Ms. Bomhoff's contract was discussed at this time. Following this closed session, the regularly scheduled public meeting was reconvened. A motion was made by one of the defendants that Ms. Bomhoff's contract not be renewed. The stated reasons for non-renewal were her "apparent emotional instability, resentment of authority and her alleged failure to follow a written request from the administration as to reporting to school and/or attending classes". The motion was passed. A Notice Of Intention Not To Re-Employ referencing such charges was prepared and forwarded to plaintiff. A copy was later placed in her permanent personnel file.

The minutes of the April 2, 1979, meeting did not merely record that a motion was made regarding the non-renewal of Ms. Bomhoff's teaching contract, but also recited with particularity the stated reasons for such non-renewal. Thereafter, at the May 7, 1979, regularly scheduled public school board meeting, such charges were repeated with the reading of the last meeting's minutes and were again memorialized in the minutes of that meeting.

At no time during these proceedings was plaintiff offered or provided prior notice and hearing regarding the reasons for her non-renewal. However, defendants have represented to the Court both in their reply and at oral argument a willingness to hold a due process hearing *or* to expunge her personnel record of all reference to the reasons for non-renewal. Presumably such expungement would be coupled with the inclusion of a statement indicating that plaintiff's contract was not renewed and without specifying any reasons.

On February 22, 1980, plaintiff filed a two count complaint in federal court. Pursuant to stipulation, plaintiff filed an amended complaint on January 27, 1981, adding a third count. Plaintiff seeks (a) reinstatement, (b) damages for past and anticipated loss of income, (c) damages for injury to reputation, (d) damages for emotional distress, (e) punitive damages, and (f) costs plus attorney's fees.

## II. PROCEDURAL DUE PROCESS CLAIM: COUNT ONE

Count One alleges that defendant violated plaintiff's right to notice and hearing by their written and oral publications of the reason for her non-renewal. It is further alleged that such statements imposed a stigma which both damaged her community standing and her future employment opportunities. Defendants argue that the publicized reasons are simply not stigmatizing. Barring this, defendants argue that they are nonetheless, entitled to good faith immunity and plaintiff has failed to show injury in any event.

### A. *Plaintiff's Liberty Interest*

The Supreme Court has stated that there can be no deprivation of the right to procedural due process unless plaintiff has a protected property or liberty interest. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Non-tenured teachers do not have protected property interests in continued employment such that due process ordinarily applies. *Id.* Nevertheless, there may be situations in which the refusal to re-employ such a person by the public authority may implicate liberty interests and perforce, require adherence to fundamental notions of due process, i.e., notice and hearing. *Id.*

Under *Roth*, a probationary employee is entitled to a due process hearing if it is established that the charges are such that the denial of future employment is likely to seriously harm the employee's standing in the community or the action will foreclose to the employee future employment opportunities. *Id.* at 573–574, 92 S.Ct. at 2707. The Ninth Circuit has acknowledged that

nearly any reason for dismissal is potentially a "negative reflection on an individual's ability, temperament, or character." *Gray v. Union County Intermediate Education District,* 520 F.2d 803, 806 (9th Cir. 1975), and accordingly, "the concern is only with the type of stigma that seriously damages an individual's ability to take advantage of other employment opportunities". *Id.*

■ There are no material facts in dispute in this case with respect to the published allegations which would preclude summary judgment.

Dismissal allegations directed towards plaintiff's resentment of authority and failure to follow administrative requests regarding reporting to school and/or attending classes are the type of employment related remarks that courts have refused to accord constitutional status. As held in *Gray, Id.,* p. 806:

> ... they do not impart serious character defects such as dishonesty or immorality ...

One of the charges in *Gray*—found not to require a liberty due process hearing,—was the allegation that the teacher had demonstrated "hostility toward authority":

> ... These allegations certainly are not complimentary and suggest that Mrs. Gray may have problems in relating to some people, but they do not impart serious character defects such as dishonesty or immorality. Personality differences or difficulty in getting along with others are simply not the kinds of accusations which warrant a hearing as contemplated by Roth ...

Accord: *Jablon v. Trustees of California State Colleges,* 482 F.2d 997, 1000, *cert. denied,* 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *Courter v. Winfield Mt. Union Comm. School District,* 378 F.Supp. 1191, 1193 (S.D.Iowa 1974).

One of the reasons asserted for not reemploying plaintiff was her "apparent emotional instability". It is this charge that requires special evaluation in this instance, since it goes beyond the general kind of job-related comments or opinions customarily found by the courts to be of a non-stigmatizing character under *Roth.*

Webster's Third New International Dictionary, Unabridged (1976), p. 1171, defines emotional instability as "tendency to react violently or explosively." This accusation is of a personal nature, and I find it to be of the type referred to in *Gray, Id.,* p. 806, as "serious character defects", which are within the ambit of procedural due process guarantees contemplated by *Roth.* An implied label of mental instability was found to implicate liberty interest in *Stewart v. Pearce,* 484 F.2d 1031 (9th Cir. 1973), and a similar conclusion is compelled as to a claim of "apparent emotional instability" when it is applied to an elementary school teacher in a rural community.

The reference here to "emotional instability" is not wholly unlike the accusation found objectionable in *Lombard v. Board of Education of City of New York,* 502 F.2d 631, 637 (2d Cir. 1974):

> 1. Illogical and disoriented conversation, causing request for examination by the Medical Department, which found him unfit for duty.

The language of *Lombard* is equally applicable to a finding of "apparent emotional instability":

> This is not a finding but a stigma. If it is unsupportable in fact, it does grievous harm to appellant's chances for further employment, as indeed the record demonstrates, and not only in the teaching field. For that reason he was entitled to a full hearing.

Summary judgment in plaintiff's favor on the issue of a due process hearing is appropriate. The defendant's willingness to expunge her personnel record of this accusation obviates the need for a hearing. Defendants shall file within 15 days of this order, a verification of expungement action with reference to such record.

### B. *Defendants' Good-Faith Immunity Defense*

■ Defendants argue alternatively that in the event this Court grants summary judgment in favor of plaintiff on the hear-

ing issue, defendants are entitled to summary judgment with respect to their good-faith immunity defense. Thus, defendants argue that they prevail in any case.

The purposes and parameters of a good-faith immunity defense for public officials—and particularly school board members—were outlined by the Supreme Court in *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 999, 43 L.Ed.2d 214 (1975):

> Common-law tradition, recognized in our prior decisions, and strong public-policy reasons also lead to a construction of § 1983 extending a qualified good-faith immunity to school board members from liability for damages under that section . . .

After noting an absence of legislative guidance as to the extent of such immunity for school officials, the Court held:

> . . . We think there must be a degree of immunity if the work of schools is to go forward; and, however worded, the immunity must be such that action taken in good-faith fulfillment of their responsibilities and within the bounds of reason under all the circumstances will not be punished and that they need not exercise their discretion with undue timidity.

The Court went on to hold in *Wood* that a good-faith defense does not justify disregard of basic constitutional rights:

> . . . A compensatory award will be appropriate only if the school board member has acted with such an impermissible motivation or with such disregard of the students' clearly established constitutional rights that his action cannot reasonably be characterized as being in good faith.

Defendants' failure to consult an attorney and their ignorance of the law regarding appropriate procedures to employ in not rehiring a non-tenured teacher, do not justify avoidance of liability for publication of a stigmatizing accusation against a teacher.

The problem sought to be protected against by a good-faith immunity defense is a reluctance to exercise discretion because of possible liability for an error in judgment. Here the Board exercised its judg-

ment and concluded not to rehire plaintiff, and that decision as such, is not at issue. Extending a good-faith immunity defense to charges made public following that decision does not relate to the discretionary act sought to be protected by the defense, i. e., the decision not to rehire the particular teacher.

Defendants' motion for summary judgment on this issue is denied and plaintiff's cross-motion is granted.

### C. *Damages*

Plaintiff seeks reinstatement and compensatory and punitive damages. Defendants have moved for summary judgment with respect to each asserting that (a) plaintiff is not entitled to reinstatement as a matter of law; (b) plaintiff has failed to establish actual damages and is, thus, entitled merely to nominal damages; and (c) plaintiff has failed to adequately support her assertions that the defendants acted maliciously and is, thus, not entitled to punitive damages.

■ With respect to the issue of reinstatement, the Court agrees with the defendants' position. As a probationary employee, Ms. Bomhoff is not entitled to reinstatement, where as here her claim is for procedural due process violations and not for violations of substantive rights. *See Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Accordingly, summary judgment in favor of defendants on this issue is granted.

■ With respect to the issue of compensatory damages, the Court finds and concludes that there are issues of material fact which preclude the granting of the motion. *Turner v. International Brotherhood of Teamsters, etc.*, 604 F.2d 1219, 1228 (9th Cir. 1979). Accordingly, both motions in this regard are denied.

■ The issue of punitive damages presents a different problem. The Supreme Court has recently held that punitive damages may not be assessed against govern-

mental entities for violations arising under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.,* —— U.S. ——, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Thus, with respect to defendant Quartzsite School District Number 4, plaintiff is precluded as a matter of law from pursuing such damages. Summary judgment in this regard will therefore be entered in favor of the defendant School District.

■ Plaintiff may seek punitive damages against the individual defendants. Since the Court finds that material issues of fact remain, Plaintiff's and Defendants' motions for summary judgment on this issue shall be denied with respect to the individual defendants.

### III. EQUAL PROTECTION CLAIM: COUNT TWO

■ Count Two of the amended complaint alleges that the actions of defendants were acts of intentional and arbitrary discrimination "constituting the unlawful administration of a state statute by its duly constituted agents and officials" in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. Defendants argue that regardless of whether plaintiff has stated a claim under 42 U.S.C. § 1983, summary judgment is nevertheless appropriate because she has failed to allege any facts which even suggest purposeful misconduct. The Court agrees. Accordingly, summary judgment in favor of defendants is granted. Count Two of plaintiff's complaint is thus dismissed.

### IV. BREACH OF CONTRACT CLAIM: COUNT THREE

■ As alleged, Count Three is a pendent claim for common law breach of contract arising from the defendants' alleged failure to investigate the charges forming the basis for her nonrenewal. Such duty is allegedly imposed by Sections I.9 and VI.C, of the Ehrenberg Elementary School District # 4, Quartzsite District Board of Trustees Rules and Regulations.

I conclude that the cited rules and regulations apply only in instances of "dismissal"

and not in cases, as here, of simple "non-renewal".

Accordingly, defendants' motion for summary judgment is granted as to Count Three and plaintiff's motion is denied.

Accordingly,

IT IS ORDERED that the pretrial conference presently scheduled for Wednesday, October 28, 1981, at 8:30 a. m. is vacated and reset to Thursday, November 12, 1981, at 8:30 a. m.

IT IS FURTHER ORDERED that Defendants' Motion For Summary Judgment, filed June 18, 1981, and Plaintiff's Cross-Motion For Summary Judgment, filed July 22, 1981, are granted in part and denied in part as follows:

1. *Count One*

(a) Defendants' motion with respect to plaintiff's liberty interest is denied and plaintiff's motion is granted.

(b) Defendants' motion with respect to a good faith immunity is denied and plaintiff's motion is granted.

(c) Defendants' motion with respect to plaintiff's compensatory damages is denied. Such damages shall be determined at trial.

(d) Defendants' motion regarding punitive damages is granted with respect to Defendant Quartzsite School District Number 4 and denied with respect to the individual defendants. Plaintiff's motion on this issue is denied.

(e) Defendants' motion concerning reinstatement is granted. Plaintiff may nonetheless pursue the matter of back pay.

(f) Plaintiff's motion with respect to the expungement of her personnel records has been rendered moot by the defendants' avowal that they will expunge such records. In this regard, defendants shall within 15 days from the date of this order submit to the Court an affidavit stating concerning the expungement and the status of the plaintiff's personnel records.

(g) Plaintiff's motion concerning the due process hearing has been rendered moot by the expungement of her records. Accordingly, such motion is denied.

(h) Plaintiff's motion regarding a defamation claim is denied since plaintiff failed to assert an independent claim for defamation.

2. *Count Two*

(a) Defendants' motion for summary judgment is granted. Count Two is dismissed.

3. *Count Three*

(a) Defendants' motion regarding their breach of contract is granted and plaintiff's motion is denied.