**Clarence E. OKESON, Plaintiff,**

v.

**TOLLEY SCHOOL DISTRICT NO. 25, County of Renville, State of North Dakota, a public corporation; and Terry Spear, Ernest Mau, Wayne Hellebust, Carol Resch, and Gerald Egeberg, individually and as members of the Tolley Public School District No. 25, Defendants.**

Civ. No. A4–82–18.

United States District Court,
D. North Dakota,
Northwestern Division.

Aug. 11, 1983.

Richard H. McGee, II, Minot, N.D., for plaintiff.

James S. Hill, Bismarck, N.D., for defendants.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

This action concerns the dismissal of Clarence E. Okeson by the School Board of Tolley Public School District No. 25. On May 22, 1981, Okeson entered into a one-year contract with the School District to serve as Superintendent. Approximately six months later, Okeson was dismissed by the Board. He now brings suit against the Board under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983 and 1988, claiming denial of due process and breach of contract. Plaintiff seeks damages for breach of contract, interest, punitive damages, reasonable attorney fees, costs and disbursements. Defendant has moved for summary judgment, contending that Plaintiff has not

asserted a property right cognizable under the Constitution and its due process provisions, that Plaintiff was in fact given a hearing (even though he was not entitled to one) comporting to constitutional requirements, and that there is no basis for punitive damages in this action.

▪ Defendants, relying on *Buhr v. Buffalo School District No. 39,* 364 F.Supp. 1225, 1227–28 (D.N.D.1973), aff'd, 509 F.2d 1196 (8th Cir.1974), contend that Plaintiff has no property interest in the continuation of his position as superintendent. The United States Supreme Court has consistently held that there is no inherent property interest in *renewal* of annual contracts. *E.g., Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). *See also Buhr v. Buffalo School District No. 39,* 364 F.Supp. 1225 (D.N.D.1973), aff'd, 509 F.2d 1196, 1227–28 (8th Cir.1974); *but see* note 1, *infra.* On the other hand, the Court has emphasized that "the hallmark of property . . . is an individual entitlement ground in state law, which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982) (citing various decisions). Under present North Dakota law, teachers are afforded protection against arbitrary non-renewal. *See* N.D.C.C. § 15–47–38(5) (1981). Superintendents, however, are not afforded protection through § 15–47–38, even if they teach a class in addition to their duties as superintendents. *Storbeck v. Oriska School District No. 13,* 277 N.W.2d 130, 132, 133 (N.D.1979).

Defendants surmise that *Buhr* controls the issue and that the Court's inquiry should stop here. I cannot agree. The decision in *Buhr* merely involved a teacher's nonrenewal of a completed contract.[1] A school board's decision not to renew an annual contract is unilateral by its nature and therefore does not create "a legitimate claim of entitlement to it." *Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). This case, on the other hand, involves the breach of an uncompleted contract. Moreover, the termination of an existing contractual relationship is plainly considered a property interest and is recognized for due process purposes. *Roth,* 408 U.S. 576–77, 92 S.Ct. 2708–09 (1972); *Brown v. Bathke,* 566 F.2d 588, 591–92 (8th Cir.1977); *Vanelli v. Reynolds School District No. 7,* 667 F.2d 773, 777 (9th Cir.1982); *Kendall v. Board of Education,* 627 F.2d 1, 4 (6th Cir.1980). *Accord Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976), *noting, Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *Lynch v. United States,* 292 U.S. 571, 579, 54 S.Ct. 840, 843, 78 L.Ed. 1434 (1934); *Ballstaedt v. Amoco Oil Co.,* 509 F.Supp. 1095, 1097 (N.D.Iowa 1981). Therefore, Defendants' reliance on *Buhr,* which deals with the nonrenewal of a completed contract, is misplaced. Since Plaintiff's termination occurred during the contractual period, there can be no doubt that the contract constitutes an understanding that secures certain benefits and that supports claims of entitlement to those benefits. *Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). *Accord Orloff v. Cleland,* 708 F.2d 372, 377 (9th Cir.1983); *Lyznicki v. Board of Education,* 707 F.2d 949, 951 (7th Cir.1983).

## II.

▪ Defendants argue that "state law does not provide a right to a hearing" and that "Okeson was in fact given a hearing." Under North Dakota law, teachers, but not superintendents, are entitled to notice and hearing before discharge for cause prior to the expiration of the term of their contracts. N.D.C.C. § 15–47–38(2) (1981);

---

[1] It should be noted that recent legislative enactments, particularly 1975 N.D.Laws ch. 167, have extended teacher rights concerning nonrenewal of annual contracts. Therefore, the holding in *Buhr v. Buffalo School District No. 39,* 364 F.Supp. 1225 (D.N.D.1973), aff'd, 509 F.2d 1196 (8th Cir.1974), which was undoubtedly correct at the time, is now subject to question. In any event, since *Buhr* concerned nonrenewal of a contract, we need not reach the issue.

*Storbeck v. Oriska School District No. 13,* 277 N.W.2d 130 (N.D.1979). Nonetheless, once a recognized property interest is subject to divestment, due process requires at least notice and an opportunity to be heard. *See Brown v. Bathke,* 566 F.2d 588, 592 (8th Cir.1977), *citing, Goss v. Lopez,* 419 U.S. 565, 581, 95 S.Ct. 729, 740, 42 L.Ed.2d 725 (1975), *Sullivan v. Meade Independent School District No. 101,* 530 F.2d 799, 806 (8th Cir.1975). Moreover, "the opportunity to be heard must be provided 'at a meaningful time and in a meaningful manner.' " *Brown v. Bathke,* 566 F.2d 588, 592 (8th Cir.1977), *quoting, Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Whether the school board meeting of November 9, 1981, comported with the requirements of due process is a question of fact and a point of dispute between the parties.

### III.

■ Although North Dakota law does not permit punitive damages in contract actions, *see* N.D.C.C. § 32–03–07 (1976), punitive damages may be awarded in appropriate circumstances in an action under 42 U.S.C. § 1983. *See generally Guzman v. Western State Bank of Devils Lake,* 540 F.2d 948, 953 (8th Cir.1976). "If a government official acts knowingly and maliciously to deprive others of their civil rights, he may become the appropriate object of the community's vindictive sentiments." *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 267, 101 S.Ct. 2748, 2760, 69 L.Ed.2d 616 (1981). The United States Supreme Court recently held that municipalities are immune from punitive damages under 42 U.S.C. § 1983. *Id.* at 271, 101 S.Ct. at 2762. Whether school boards are afforded protection from punitive damages under *Fact Concerts* or its rationale is presently an open question. Counsel did not bring this important decision to the Court's attention. But the issue is raised by the Court in the interest of justice and without the benefit of counsel's briefs on the matter.

In 1978, the Supreme Court held that a local government was subject to suit as a "person" within the meaning of 42 U.S.C. § 1983. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Monell* left undecided, however, whether municipalities may be held liable for punitive damages. *Id.* at 701, 98 S.Ct. at 2041. Three years later, the Court ruled that punitive damages cannot be awarded against a municipality. *Fact Concerts,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Several courts have considered the extent to which *Fact Concerts* applies to school districts. The Court of Appeals for the Fifth Circuit, without discussion and in a perfunctory manner, recently disallowed punitive liability against a school district in *In re Selcraig,* 705 F.2d 789, 797 (5th Cir. 1983) (noting *Fact Concerts* and *Webster v. City of Houston,* 689 F.2d 1220, 1228–29 (5th Cir.1982)). Slightly more discussion was given to this issue in *Bomhoff v. White,* 526 F.Supp. 488, 492–93 (D.Ariz.1981), where the district court judge held that due to the *Fact Concerts* holding the plaintiff was "precluded as a matter of law" from pursuing punitive damages against a school district. On the other hand, one federal court, in an action under § 1981, attempted to distinguish *Fact Concerts,* which was based upon § 1983, and allowed recovery of punitive damages against a school district. *Boyd v. Shawnee Mission Public Schools,* 522 F.Supp. 1115 (D.Kan.1981). Apparently the Court of Appeals for the Tenth Circuit did not have the opportunity to review the *Boyd* decision, but another circuit court has sharply criticized both its analysis and its result. *Heritage Homes v. Seekonk Water District,* 670 F.2d 1, 3–4 (1st Cir.1982) (award of punitive damages under §§ 1981 and 1983 reversed), *cert. denied,* 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982). Since this issue is of first impression in this circuit, I believe it deserves more than cursory discussion.

The gravamen of *Fact Concerts* is that "an award of punitive damages against a municipality 'punishes' only the taxpayers who took no part in the commission of the tort." *Fact Concerts,* 453 U.S. at 267, 101

S.Ct. at 2759. Governmental entities are instruments, not beings. As such, they cannot themselves have malice. Only the individuals that act through the polity can develop and act upon malicious intentions. When this occurs, the law properly condemns such conduct by allowing punitive damages against these individuals. In this way, those who are actually malicious are forced to pay for their improper motives. On the other hand, a neutral governmental body—that is, one that is impervious to good or bad intentions—can still make mistakes. When it does, the law properly demands that the entity compensate the injured party to the extent of the injury. In sum, a body politic can be guilty of error and is therefore held liable for such error, but it cannot be guilty of malicious error.

In *Fact Concerts,* Justice Blackmun examined the underlying rationales for punitive damages in light of § 1983 liability. The Court found that the principles of retribution, punishment and deterrence could not be applied neutrally to municipalities. *Id.* at 266–71, 101 S.Ct. at 2759–62. The Court also found that municipal immunity from punitive damages is compatible with both the purposes of § 1983 and the general principles of public policy. *Id.* at 271, 101 S.Ct. at 2762. As the Court of Appeals for the First Circuit aptly stated, "We are not only bound by the holding of *Fact Concerts* but must also defer to its reasoning...." It is this Court's opinion that the rationale of *Fact Concerts* applies equally to school boards. Therefore, on the Court's own motion, Tolley School District No. 25 is hereby granted summary judgment on the issue of punitive damages.

Defendants' final contention is that since defendants sought advice of counsel before discharging Plaintiff, their acts "cannot be found to include the requisite malice to justify an award of punitive damages" under North Dakota law. For support of this proposition, Defendants cite *Merchant v. Pielke,* 10 N.D. 48, 84 N.W. 574 (1900) and *Redahl v. Stevens,* 64 N.D. 154, 250 N.W. 534 (1933). Plaintiff merely responds by stating that "punitive damages are recover-

able where public officials violate an individual's right to due process knowingly, willfully or in a malicious manner," citing *Busche v. Bosman,* 474 F.Supp. 484 (E.D. Wis.1979), *aff'd in part and remanded in part,* 649 F.2d 509 (7th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981), and stating that this "is a question of fact not proper for summary judgment."

Questions of good faith under § 1983 are not ordinarily disposed of by summary judgment unless there is no evidence in any form that would cast doubt on the claim of good faith. *Langton v. Maloney,* 527 F.Supp. 538, 548 (D.Conn.1981). Mere belief in legality of conduct and an affidavit of such belief is not sufficient to justify summary judgment. *See, e.g., Shoemaker v. Allender,* 520 F.Supp. 266, 271 (E.D.Pa.1981). Nor are state laws conclusive as to whether a plaintiff may be awarded punitive damages for a violation of § 1983. *See, e.g., Larson v. Wind,* 542 F.Supp. 25, 27 (N.D.Ill.1982). It is enough for purposes of this motion to find that there is a genuine issue of material fact concerning whether Defendants acted maliciously. *Cf.* Plaintiff's Answer to Defendants' First Set of Interrogatories No. 29 *with* material cited in Defendants' Brief at 4. Therefore, summary judgment in favor of the individuals on the issue of punitive damages is inappropriate at this time.

### IV.

It is therefore ordered that, except for the granting of judgment to Defendant Tolley School District No. 25 as to punitive damages in Part III, Defendants' motion is denied.

### V.

Although Defendants have affirmatively alleged, both in their answer and answer to amended complaint, "an insufficiency of process and an insufficiency of service of process," Defendants have failed to address this issue in their brief. Therefore, pursuant to Rule 5 of the Local Rules, it is presumed that Defendants have waived this defense.