**Robert D. LEE, James Crume, Jr., Cecil B. Washington, Plaintiffs,**

v.

**WYANDOTTE COUNTY, KANSAS; Paul Antos, County Commissioner; Patrick Scherzer, County Commissioner; Clyde Townsend, County Commissioner; John L. Quinn, Sheriff; Darrell Sjoblom, Warden; and Frank Santillan, Deputy, Defendants.**

Civ. A. Nos. 81–4276, 82–4015, and 82–3071.

United States District Court, D. Kansas.

Jan. 27, 1984.

Margie J. Phelps, Topeka, Kan., Ethel Louis Bjorgaard, Bonner Springs, Kan., Bruce R. Powell, Barnett & Lerner, Kansas City, Kan., for plaintiffs.

Frank Menghini, John J. Jurcyk, Jr., Robert Van Cleave, McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

These matters are presently before the court on the motion for summary judgment of defendants Wyandotte County, Kansas, Paul Antos, Patrick Scherzer, Clyde Townsend, John L. Quinn, and Darrell Sjoblom. This motion was filed December 20, 1983, after several extensions of time were granted by the court. Because of the late date upon which this motion was filed, and in light of the previous extensions of time granted to the defendants, the court allowed plaintiffs until January 16, 1984, to file their respective responses. In addition, the court required only that the plaintiffs respond to the motion for summary judgment as it related to defendants Wyandotte County, Kansas, and county commissioners Paul Antos, Patrick Scherzer, and Clyde Townsend. Having received plaintiffs' responses, the court is now prepared to rule as to the defendant county and the defendant county commissioners.

These lawsuits were brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The suits arose from the alleged wrongful and unlawful shooting of the plaintiffs on or about December 12, 1981, when they were confined as state and federal prisoners in the Wyandotte County Jail. Plaintiffs claim they were shot by defendant Santillan, who was at the time a deputy sheriff of Wyandotte County, Kansas. The plaintiffs also allege that the other individual defendants personally participated in the shooting by, *in-*

ter alia, "intentionally, wilfully, recklessly and/or wantonly refus[ing], fail[ing], and/or neglect[ing] to properly train, supervise, direct and control the defendant Santillan." (Pre-trial Order at 3.) As previously noted, defendants Antos, Scherzer, and Townsend were, at the time of the incident, county commissioners for Wyandotte County, Kansas. Defendant Quinn was sheriff of Wyandotte County. Defendant Sjoblom was warden of the Wyandotte County Jail.

■ When considering a motion for summary judgment, the court must remember that a summary judgment motion is not a substitute for trial and should not be lightly granted. *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230, 234 (10th Cir.1975). The moving parties must demonstrate their right to prevail beyond a reasonable doubt. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1037 (10th Cir.1978). If, after consideration of all the facts and the drawing of all inferences from those facts in favor of the party opposing the motion, it is discovered that no triable issue of material fact exist and that the moving party is entitled to judgment as a matter of law, the motion for summary judgment should be granted. *Ando v. Great Western Sugar Co.*, 475 F.2d 531, 535 (10th Cir.1973). It is in light of these rigorous standards that we consider the pending motion.

■ A preliminary matter requires some attention. It is clear upon a reading of the response of plaintiffs Lee and Crume to the defendants' motion for summary judgment, that plaintiffs are attempting to proceed not merely upon statutory claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, and the alleged constitutional violations subsumed under those statutes, but upon an independent *Bivens*-type action based solely upon the constitutional provisions. The alleged existence of a *Bivens*-type cause of action has provided the plaintiffs with a convenient method of circumventing the law that governs plaintiffs' statutory civil rights claims. Although the defendants have not yet challenged the availabili-

ty of a *Bivens*-type action against a local governmental official or entity, we feel compelled to address the question at this juncture. We previously held, in *Howard v. Topeka-Shawnee County Metropolitan Planning Commission*, 578 F.Supp. 534 (D.Kan., 1983), that a *Bivens*-type action was not available against a municipality. "To hold otherwise," we stated, "... would permit a plaintiff to circumvent the restrictions imposed by Congress and the courts on a § 1983 claim against a municipality." *Id.*, at 537. *Bivens*-type actions brought under the Constitution exist against *federal* officials because there is no statutory basis upon which an individual may sue a federal official. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Where misconduct of state officials is involved, however, Congress has expressly provided a statutory remedy in 42 U.S.C. § 1983. *See, e.g., Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir.1982); *Ward v. Caulk*, 650 F.2d 1144, 1148 (9th Cir. 1981). We hold, therefore, that plaintiffs are precluded from bringing a *Bivens*-type direct action under the Constitution against the defendants in these pending cases.

*The Commissioners.*

■ It appears to be uncontroverted that the county commissioners did not participate in any way in the alleged violations of the plaintiffs' constitutional and civil rights, or in the alleged torts committed upon them. All of the violations and injuries of which the plaintiffs complain were at the hands of members of the Wyandotte County Sheriff's Department. Under Kansas law, K.S.A. 19–801a, the sheriff is an independent elected official of the county. The Board of County Commissioners has no authority to supervise, discipline, or remove the sheriff or his subordinates. *Redmon v. Board of County Commissioners of Wyandotte County, Kansas*, No. 81–2064 (D.Kan., *unpublished*, 8/30/82); *Johnson v. Mizer*, No. 78–2225 (D.Kan., *unpublished*, 12/7/81). Accordingly, the conduct of the sheriff and his subordinates

cannot be attributed to the county commissioners. It thus appears that the plaintiffs have failed to state a claim against the defendant commissioners, and that the commissioners are entitled to judgment as a matter of law. The motion for summary judgment as to defendants Antos, Scherzer, and Townsend will be granted on that basis.

*The County.*

Defendant Wyandotte County, Kansas, also seeks to be dismissed from this lawsuit, or at least to reduce the scope of the claims against it. The court will address the County's contentions individually.

### A. *Kansas Tort Claims Act.*

First, the County contends that all of the plaintiffs' claims against it are governed by the Kansas Tort Claims Act, K.S.A. 75–6101, *et seq.* (1982 Supp.). Although the Kansas Tort Claims Act is a waiver of governmental immunity, defendants contend that this case falls within the exceptions to liability. Specifically, the County maintains that it is immune, pursuant to K.S.A. 75–6103, because the alleged acts of Santillan were beyond the scope of his employment. The County also contends that it is immune under the following express exceptions to the Kansas Tort Claims Act: K.S.A. 75–6104(c), which provides for an exception from liability for "enforcement of or failure to enforce the law, ..., including, but not limited to, any statute, regulation, ordinance or resolution;" (d), which provides an exception from liability for "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty;" and (m), which provides an exception to liability for "failure to provide, or the method of providing, police or fire protection." The County also maintains that the plaintiffs' damages are subject to the $500,000.00 limit for claims arising out of a single occurrence or accident, K.S.A. 75–6105(a). The County further asserts that it is immune from an award of punitive damages under both K.S.A. 75–6105 and *City of Newport*

*v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

█ We hold at the outset that plaintiffs' federal civil rights claims (which encompass their constitutional claims) are not subject to the state law limitations of the Kansas Tort Claims Act. *Dragush v. Reardon, et al.,* No. 82–2142 (D.Kan., *unpublished,* 2/4/83); *Cook v. City of Topeka,* 232 Kan. 334, 335, 654 P.2d 953 (1982). Plaintiffs' state law claims, however, may be subject to the Kansas Tort Claims Act.

█ Although plaintiffs' state law claims may be subject to the limitations of the Kansas Tort Claims Act, we are unable to conclude as a matter of law that a number of these provisions apply to the instant case. First, there appears to be a material question of fact whether defendant Santillan was acting within the scope of his employment at the time of his alleged attack on the plaintiffs. Second, in part because of the state of the record now before us, and in part because of the vagueness of plaintiffs' pleadings, we believe that there exists substantial question whether any of the express exceptions to the Kansas Tort Claims Act, set out at K.S.A. 75–6104(c), (d), and (m), are applicable in the instant case. Third, we note that although the $500,000.00 limit of K.S.A. 75–6105(a) appears to be applicable to the instant case, there is an exception to that limit, set out in K.S.A. 75–6111. In light of the potential applicability of this exception, we cannot say, as a matter of law, that the plaintiffs' damages for their state law claims are subject to the $500,000.00 limitation of K.S.A. 75–6105(a). Because we are unable to find that the defendants are entitled to judgment as a matter of law on these issues, their motions for summary judgment must be denied as to these issues.

### B. *Punitive Damages.*

█ As to the question of punitive damages against the County, we believe that no material issues of fact remain for trial and that the defendant County is entitled to judgment as a matter of law. The plaintiffs may not recover punitive dam-

ages against the County on their § 1983 claims. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Nor may plaintiffs recover punitive damages against the County on their state law claims. K.S.A. 75–6105. Accordingly, the defendant County is entitled to summary judgment on the issue of punitive damages on plaintiffs' claims under 42 U.S.C. § 1983 and on their state law claims.

The question of the availability of punitive damages as to plaintiffs' claims under 42 U.S.C. §§ 1981 and 1985 requires some additional discussion. As plaintiffs correctly point out, we held previously, in *Boyd v. Shawnee Mission Public Schools*, 522 F.Supp. 1115 (D.Kan.1981) (a case of first impression), that punitive damages may be recovered against a municipality in an action under § 1981. Our decision in that case was based upon our interpretation of the then-recent decision of the United States Supreme Court in *City of Newport, supra*, which held that municipalities are not liable for punitive damages under § 1983. In light of the different legislative history and judicial treatment of §§ 1981 and 1983, we concluded in *Boyd* that the holding of *City of Newport* was limited to cases under § 1983.

Since the publication of our opinion in *Boyd*, however, several other courts have considered the availability of punitive damages against a municipality under § 1981. *Heritage Homes, Etc. v. Seekonk Water District*, 670 F.2d 1 (1st Cir.1982); *Okeson v. Tolley School District No. 25*, 570 F.Supp. 408 (D.N.D.1983); *Ferguson v. Joliet Mass Transit District*, 526 F.Supp. 222 (N.D.Ill.1981). Each of these courts has concluded that the holding in *City of Newport* is applicable to § 1981 actions and, therefore, that municipalities are immune from punitive damages under § 1981 as well as § 1983. Moreover, each of these courts discussed and criticized our analysis in *Boyd*. *Seekonk*, 670 F.2d at 3; *Okeson*, 570 F.Supp. at 411; *Ferguson*, 526 F.Supp. at 224.

In what we now regard as the better analysis, these courts point out that the Supreme Court's decision in *City of Newport* was based not only upon consideration of the nature and purpose of the statute (§ 1983) but upon consideration of the nature and purpose of punitive damages. The Supreme Court concluded that the threat of punitive damages against a municipality did not serve the intended purposes of punishment and deterrence. *City of Newport*, 453 U.S. at 266–271, 101 S.Ct. at 2759–2762. We agree with the courts in *Seekonk*, *Okeson*, and *Ferguson* that the decision in *City of Newport* should not be limited to actions under § 1983. We hold, therefore, that the defendant County is immune from punitive damages under §§ 1981 and 1985, as well as under § 1983. To the extent that it is inconsistent with our decision herein, *Boyd v. Shawnee Mission Schools*, 522 F.Supp. 1115 (D.Kan. 1981), is hereby overruled.

C. *Respondeat Superior.*

■ The defendant County also contends that it is entitled to summary judgment on all of plaintiffs' federal civil rights claims because the doctrine of *respondeat superior* cannot be applied to such claims. *Respondeat superior* is clearly unavailable to a plaintiff in a § 1983 action. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Similarly, we have previously held that *respondeat superior* cannot be used to hold municipal defendants liable under § 1981 or § 1985. *Howard v. Topeka-Shawnee County, supra*, 578 F.Supp. at 538–539. Even in the absence of *respondeat superior*, however, there is a possibility that the County might be held liable. In *Monell*, the Supreme Court discussed liability of a local government as follows:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. 436 U.S. at 694, 98 S.Ct. at 2037.

Because defendant Quinn, as sheriff of Wyandotte County, was an elected official "whose edicts or acts may fairly be said to represent official policy," it appears that the plaintiffs may be able to demonstrate the existence of the requisite "affirmative link" between the County and at least one of the alleged tortfeasors. Accordingly, defendant Wyandotte County is not entitled to summary judgment on this issue.

### D. *Discrimination and Conspiracy.*

■ The defendant County, along with the individual defendants, also requests summary judgment on plaintiffs' § 1981 and § 1985 claims on the ground that the defendants did not conspire to violate the plaintiffs' constitutional rights because of race. In support of this contention, defendants point out that plaintiffs' claims of racial discrimination and conspiracy are entirely conclusory. Although we cannot dispute the defendants' characterization of plaintiffs' claims, one could easily make the same comment concerning defendants' own arguments regarding these claims. The defendants, in conclusory fashion, merely deny the existence of any race-based discrimination or conspiracy. They have submitted no exhibits, affidavits, or deposition testimony to refute the plaintiffs' allegations. The defendants' statement of uncontroverted facts contains no facts that suggest the absence of race-based discrimination or conspiracy. Accordingly, the plaintiffs have no burden to produce evidence at this stage of the proceeding. They may rely upon the factual allegations contained in the pre-trial order. Because the plaintiffs' conclusory allegations are in conflict with the defendants' own conclusory denials, we believe that there exists a material issue of fact which precludes the entry of summary judgment.

*Conclusion.*

IT IS THEREFORE ORDERED that the motion for summary judgment of defendants Antos, Scherzer, and Townsend be and hereby is granted and that they are hereby dismissed from this case. IT IS FURTHER ORDERED that the motion of defendant Wyandotte County, Kansas, for summary judgment on the issue of punitive damages be and hereby is granted. IT IS FURTHER ORDERED that the motion of defendant Wyandotte County, Kansas, for summary judgment be and hereby is denied in all other respects. IT IS FURTHER ORDERED that the motion for summary judgment of defendants Quinn and Sjoblom be and hereby is denied at this time.