Dr. Floyd BOSCHEE, Plaintiff
and Appellant,

v.

MANDAN PUBLIC SCHOOL DISTRICT,
Defendant and Appellee.

Civ. No. 910153.

Supreme Court of North Dakota.

Dec. 9, 1991.

Robert V. Bolinske (argued) of Zuger, Kirmis, Bolinske & Smith, Bismarck, for plaintiff and appellant.

Gary R. Thune (argued) of Pearce & Durick, Bismarck, for defendant and appellee.

William D. Schmidt of Wheeler Wolf, Bismarck, for amicus curiae North Dakota Council of School Administrators. Submitted on brief.

MESCHKE, Justice.

Dr. Floyd Boschee appeals from a judgment dismissing his suit for damages against the Mandan Public School District for its alleged wrongful termination of his employment. We affirm.

During the 1987–88 school year, Boschee was employed by the District as "Assistant Superintendent for Curriculum and Instruction" and as acting "Athletic Director." On January 18, 1988, a special "Task Force on Program Prioritizing" met with Boschee and recommended to the Mandan School Board that Boschee's position as assistant superintendent be eliminated. On the next day, the Superintendent informed Boschee that the Task Force had decided to recommend elimination of his position. On February 8, 1988, at a meeting that Boschee attended, the Board voted, five to four, "to eliminate the position of assistant superintendent and acting athletic director for the 1988–89 school year."

By letter dated March 7, 1988, the Superintendent notified Boschee that his position had been eliminated and that he could request a meeting with the Board prior to May 1, 1988, so the Board could convey its "reason or reasons for the non-renewal of [his] contract" as required by NDCC 15–47–38.1(12), the statute governing nonrenewal of a superintendent's contract. Boschee did not request a meeting with the Board. Instead, on May 20, 1988, Boschee wrote to the Board stating that he accepted

its "offer of employment for the 1988–89 school year" pursuant to NDCC 15–47–27, the statute governing the time for renewal of a teacher's contract. Boschee did not work for the District during the 1988–89 school year.

In July 1988 Boschee sued the District for damages from its alleged "wrongful and unlawful termination" of his "Teacher's Contract." He asserted that the District was required to comply with the nonrenewal procedures applicable to teachers and principals under NDCC 15–47–38(5) before terminating his employment. Following a trial without a jury, the trial court ruled that Boschee was not entitled to "the benefits and protection" of NDCC 15–47–38(5) because the District had not employed him as a teacher or a principal. The trial court also determined that Boschee, as an assistant superintendent, was entitled only to the nonrenewal protections for a superintendent under NDCC 15–47–38.1(12), and that the District had complied with those requirements. The trial court dismissed the action and Boschee appealed.

It is undisputed that the District did not comply with the nonrenewal procedures under NDCC 15–47–38(5). However, the procedures for nonrenewal of a teacher's contract outlined in NDCC 15–47–38(5) apply only to a "teacher." In 1988, NDCC 15–47–26 said that "[t]he term 'teacher', as used in section 15–47–38, must be construed to include all teachers and principals in all public school districts within this state, ..."[1] Thus, for the procedural protections of NDCC 15–47–38(5) to apply to Boschee, he must show that he was a "teacher" or "principal" within NDCC 15–47–26. Although Boschee and the District debate whether this determination is a question of fact subject to the clearly-erroneous standard of review under NDRCivP

52(a), or is a question of law subject to plenary review by this court, we need not decide this dispute because, applying either standard, we agree with the trial court that Boschee is not in the teacher-principal category.

Boschee admitted that he never served as a classroom teacher in the District. Although a "principal" is not statutorily defined, there is little dispute over a principal's duties in this case. Boschee's testimony about the functions of a school principal conformed with the District's job description of a principal. Boschee characterized a principal as the "instructional leader of that building" who also "provide[s] the management for that building." According to Boschee, as the "instructional leader," the principal would supervise instruction, visit classrooms, and work with teachers. Management functions involved the day-to-day operation of the building itself. The District's job description for principals said that a principal "[d]evote[ ] at least half of his time to supervising instruction, visiting classes and responding to such visits." Boschee admitted that this is "the most important function a principal performs." Although Boschee was never employed as a principal by the District, Boschee testified that he would occasionally fill in for a principal. According to Boschee, during the 1987–88 school year "roughly five percent" of his time was spent as an acting principal.

Boschee estimated that he spent approximately 35 to 40 percent of his time as assistant superintendent for curriculum and instruction, and approximately 50 to 60 percent of his time as athletic director. These positions differ significantly from a principal because they are not confined to one school and they encompass supervision over the entire district. The position of assistant superintendent is essentially ad-

1. This definition of a "teacher" was amended by the Legislature in 1991. See 1991 N.D.Sess. Laws Ch. 198 § 1. NDCC 15–47–26 now says that "[t]he term 'teacher', as used in section 15–47–38, must be construed to include all teachers, and principals, *superintendents, assistant superintendents,* and chief administrators of multidistrict special education units and area vocational and technology centers in all public school districts within this state, ..." [Emphasis added.] Also, the Legislature repealed NDCC 15–47–38.1 that separately dealt with the evaluation, renewal, and discharge of superintendents. See 1991 N.D.Sess.Laws Ch. 198 § 3. There are no longer different nonrenewal procedures for teachers and principals, on the one hand, and for superintendents, on the other hand.

ministrative in nature. Boschee, under the direction of the Superintendent, was "responsible for planning, evaluating and directing the educational programs and supervising the staff of the Educational Services Division." As athletic director, Boschee was similarly "responsible for the total interscholastic athletic program in the district."

In *Storbeck v. Oriska School Dist. # 13*, 277 N.W.2d 130 (N.D.1979), we rejected a superintendent's contention that, because he taught one class in addition to his duties as superintendent, he was a teacher and therefore entitled to the protections of NDCC 15–47–38.

We conclude that a superintendent who teaches classes in his district is a superintendent, not a teacher, for the purposes of § 15–47–38, N.D.C.C. Storbeck's duties as superintendent took precedence over his duties as a teacher of one class. His primary relationship with the Board was that of a superintendent, and not that of a teacher.

*Id.*, at 133. In this case, Boschee's administrative, superintendent-like duties clearly took precedence over his occasional duties as a principal. Boschee's primary relationship with the Board was not that of a principal.

Boschee urges that we adopt a "functional" analysis to determine whether he is in the teacher-principal category. *See Coles v. Glenburn Public School Dist. 26*, 436 N.W.2d 262, 264 n. 2 (N.D.1989).[2] Arguing that he should be classed as a teacher-principal, Boschee relies on his employment contract with the District. This standard form was entitled "Teacher's Contract," but also had the term "Assistant Superintendent" typewritten in it. Boschee also argues that the District evaluated him on the same form used for evaluation of prin-

cipals and placed him in the same bargaining unit as the District's principals. Further, he argues that he reported to the Superintendent rather than to the Board, and that his contract differed from the Superintendent's contract. These factors deserve little weight in a truly functional analysis. Boschee's duties and responsibilities as assistant superintendent and athletic director more closely resembled those of a superintendent than those of a teacher or a principal. On this record, we conclude that the trial court correctly ruled that Boschee was not entitled to the benefit of the nonrenewal procedures for a teacher or a principal.

Furthermore, assuming that Boschee was entitled to the procedural protections for a superintendent under NDCC 15–47–38.1(12), we agree with the trial court that the District substantially complied with that statute. *See Retzlaff v. Grand Forks Public School Dist. 1*, 424 N.W.2d 637, 640 (N.D.1988). NDCC 15–47–38.1(12) said:

If a school district fails to provide notification to a superintendent in writing between March first and May first of each year that the school board intends not to renew the superintendent's contract, the district shall be deemed to have renewed the contract for a period of one year extending from the termination date set forth in the existing contract. If a school district provides notification to the superintendent in writing before May first of its intent not to renew the superintendent's contract, the school board shall meet with the superintendent to convey the reason or reasons for the nonrenewal if the superintendent requests such a meeting.

Here, the Superintendent's March 7, 1988, letter notified Boschee of the elimination of

---

2. In *Coles*, 436 N.W.2d at 264, we held that a teacher, who also served as athletic director, could not have the position of athletic director eliminated from his contract without the School District complying with the nonrenewal procedures for a teacher in NDCC 15–47–38. We declined to treat the athletic director position as an extracurricular activity in that case because it was "apparent that the District treated that position as part of Coles' teaching load or it would not have reduced Coles' base teaching salary by one-seventh when it did not assign that position to Coles." *Coles* at 264. In this case, Boschee was originally hired as assistant superintendent for curriculum and instruction in 1983. He did not assume the additional position of acting athletic director until 1986. Unlike the situation in *Coles*, Boschee's acting athletic director position supplemented his position as assistant superintendent, rather than any position as teacher or principal to which NDCC 15–47–38 would apply.

his position by the Board. Boschee attended the meeting when the Board acted, and he admitted at trial that he knew on February 8 that his position was being eliminated, and that it was being eliminated for financial reasons. The March 7 letter also notified Boschee of his right to request a meeting with the Board and constituted "written notice before May first" of the Board's intent not to renew his contract. The Board did not hold a meeting because Boschee did not request one. We conclude that the Board substantially complied, under former NDCC 15–47–38.1(12), with the procedures for nonrenewal of Boschee's contract.

Accordingly, we affirm the judgment.

ERICKSTAD, C.J., and LEVINE and VANDE WALLE, JJ., concur.

Justice H.F. Gierke, a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.