Rhonda Sue WESLEY, Plaintiff,

v.

DON STEIN BUICK, INC.; Don Stein;
Jerry Kaplan; Multiple Unnamed Sales
Agents of Don Stein Buick–Isuzu, Inc.;
American Isuzu Motors, Inc.; General
Motors Corporation; T.A. Stovall; One
Unnamed Desk Clerk of Overland Park,
Kansas Police Department; John M.
Douglass, Overland Park Chief of Po-
lice; Overland Park, Kansas Police De-
partment; City of Overland Park; Ed
Eilert, Mayor of Overland Park; Freder-
ick S. Hillman; William M. Chornyak;
Federal Bureau of Investigation; Louis
J. Freeh, FBI Director; One Unnamed
Agent from the Office of the United
States Postal Inspector; United States
Postal Service; and Marvin Runyon,
United States Postmaster General, De-
fendants.

No. 97–2271–JWL.

United States District Court,
D. Kansas.

Nov. 20, 1997.

Rhonda Sue Wesley, Kansas City, MO, pro se.

Lawrence L. Ferree, III, Kirk Thomas Ridgway, Ferree, Bunn & O'Grady, Chtd., Overland Park, KS, for Don Stein Buick, Inc., Don Stein, Shareholder, Jerry Kaplan, Shareholder, Multiple Unnamed Sales Agents, of Don Stein Buick–Isuzu, Inc., American Isuzu Motors, Inc.

Robert J. Harrop, David C. Vogel, Lathrop & Gage L.C., Kansas City, MO, General Motors Corp.

Michael R. Santos, City of Overland Park Legal Dept., Overland Park, KS, Daniel B. Denk, Michael M. Shultz, McAnany, Van Cleave & Phillips, P.A., for T. A. Stovall, One Unnamed Desk Clerk, of Overland Park, Kansas, Police Dept., John M. Douglass, Chief of Police, City of Overland Park Police Dept., City of Overland Park, Kansas.

Janice M. Karlin, Office of U.S. Attorney, Kansas City, KS, for Frederick S. Hillman, Special Agent of FBI, William M. Chornyak, Supervisory Special Agent of F.B.I., Louis J. Freeh, Director of F.B.I., Unnamed Agent, from the Office of The U.S. Postal Inspector, U.S.P.S., Marvin Runyon, Postmaster General U.S.P.S.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case arises out of an incident which occurred at the Don Stein Buick, Inc. premises in Overland Park, Kansas, and as a result of the subsequent efforts of plaintiff to have the matter investigated and charges prosecuted by various authorities. Plaintiff's ensuing pro se federal civil rights and state common law claims come before the court on ten separate motions. Defendants T.A. Stovall, John M. Douglass, Overland Park Police Department, City of Overland Park, Ed Eilert, and the unnamed desk clerk of Overland Park Police Department (collectively the "Overland Park Defendants") (Doc 17); defendants Don Stein Buick, Inc., Don Stein, Jerry Kaplan, and multiple unnamed sales agents of Don Stein Buick–Isuzu, Inc. (collectively the "Don Stein Defendants") (Doc. 19); and defendant American Isuzu Motors, Inc. ("Isuzu") (Doc. 53) each move to dismiss for failure to state a claim upon which relief may be granted. Defendant Frederick S. Hillman, William M. Chornyak, Federal Bureau of Investigation, Louis J. Freeh, United States Postal Service, and Marvin Runyon (collectively the "Federal Defendants") move to dismiss for failure to state a claim upon

which relief may be granted or in the alternative for summary judgment (Doc. 57). The individual Overland Park Defendants move to dismiss on qualified immunity grounds. (Doc. 65). The Overland Park Defendants (Doc. 83), the Don Stein Defendants (Doc. 85), and the Federal Defendants (Doc. 88) move to strike plaintiff's second amended complaint as untimely. Finally, the plaintiff moves the court to compel an answer from Isuzu (Doc. 78), and from the Don Stein Defendants (Doc. 80).

For the reasons set forth below, the motion to dismiss of the Overland Park Defendants, the motion to dismiss of the Don Stein Defendants, and the motion to dismiss of Isuzu are granted in part and denied in part. The motion to dismiss or in the alternative for summary judgment of the Federal Defendants is granted. The motion to dismiss of the individual Overland Park Defendants on qualified immunity grounds is retained under advisement. The motions to compel plaintiff to disclose whether she is an attorney are denied. The motions to strike plaintiff's second amended complaint are granted. Plaintiff's motions to compel answers are denied as moot.

## I. Plaintiff's First Amended Complaint [1]

Plaintiff, an African–American female, alleges she went shopping for a car at Don Stein Buick, Inc, but sales agents there ignored her when she refused to disclose what she felt was "irrelevant personal information." Nevertheless, plaintiff persisted in trying to obtain sales assistance. The agents, one of whom was a member of Don Stein Buick, Inc.'s management team, chased her off the lot wielding pens and threatening her with menacing gestures and voices.

Plaintiff telephoned the defendant Overland Park Police Department ("OPPD") to report the incident. Officer T.A. Stovall arrived and plaintiff gave the officer a written statement. A few days later, she went to the OPPD and requested a copy of her statement. A desk clerk there refused her request. After complaining to various police officials, plaintiff obtained the statement about two and a half months later. She learned that the OPPD and the Johnson County District Attorney's Office did not intend to press criminal charges.

Being unsatisfied, plaintiff contacted the United States Attorney's office. Her complaint was apparently forwarded to the FBI. She spoke with defendant Agent Frederick S. Hillman, who eventually asked her to provide her street address. She refused, stating that the post office box number she had already provided was sufficient. Plaintiff later learned that an agent of the United States Postal Inspector instructed a postal employee at her post office to pull her box registration card and reveal her street address, which was conveyed to Agent Hillman.

Plaintiff brings this action against the Don Stein Defendants under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 13981. She also claims the Don Stein Defendants assaulted her and interfered with her prospective business expectations. She alleges a conspiracy between the Don Stein Defendants and the OPPD to violate her civil rights. Plaintiff sues the Overland Park Defendants under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. She sues the Federal Defendants under 42 U.S.C. §§ 1981, 1983, and 1985(3), and under the Privacy Act of 1974, 5 U.S.C. § 552a. Plain-

---

**1.** As noted above, a number of defendants move to strike plaintiff's second amended complaint as untimely (Docs. 83, 85, 88). *See* Fed.R.Civ.P. 15(a) (requiring leave of court or defendants' consent to amend after a responsive pleading is filed). Plaintiff filed her second amended complaint on October 24, 1997, after defendant GM had filed an answer. Plaintiff contends her amendment was proper because Magistrate Rushfelt orally ruled that the parties had until October 31, 1997 to amend pleadings. The scheduling order in this case, however, reveals that Magistrate Rushfelt set October 31, 1997 as

the date by which the parties must *move* to amend the pleadings. The plaintiff filed no motion to amend, she did not obtain leave to amend, and she did not have any defendant's consent to amend. Accordingly, the court grants defendants' motions to strike plaintiff's second amended complaint and considers only plaintiff's first amended complaint for purposes of the pending motions. In any event, the court's dismissal of plaintiff's second amended complaint is largely moot because the second amended complaint contains nothing that affects the outcome of the pending motions.

tiff is not represented by counsel in this suit.[2]

## II. Motions to Dismiss

### A. Standard

■ Dismissal of a cause of action for failure to state a claim is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle her to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir.1996), or where an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Fuller*, 86 F.3d at 1020. All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Jojola v. Chavez*, 55 F.3d 488, 494 n. 8 (10th Cir.1995) (citing *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984)). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ When a plaintiff appears pro se, the court construes her pleadings liberally and judges them against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). If a pro se plaintiff's complaint can reasonably be read to state a claim upon which the plaintiff could prevail, the court should deny a motion to dismiss despite the plaintiff's failure to cite proper authority, confusion of various legal theories, or unfamiliarity with pleading requirements. *Id.* However, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991), nor should it "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

### B. Section 1981 Claims

■ Plaintiff asserts 42 U.S.C. § 1981 claims against the Don Stein Defendants, GM, Isuzu, and the Overland Park Defendants. Only Isuzu and the Don Stein Defendants move for dismissal. Section 1981 proscribes public or private racial discrimination in the formation of contracts. *Fitzgerald v. Mountain States Tel. & Tel. Co.*, 68 F.3d 1257, 1262 (10th Cir.1995). To state a claim under section 1981, a plaintiff must allege intentional discrimination. *Id.* (citing *General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 390–92, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982)). Discrimination may be proven by direct or circumstantial evidence. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 251–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

■ Plaintiff has alleged that she is an African–American and that she was the only customer of Don Stein Buick, Inc. who was refused service and treated with threatening conduct. Isuzu and the Don Stein Defendants contend, however, that plaintiff has failed to state a claim because she failed to allege intentional discrimination. *See Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir.1985) (mere allegation that plaintiff is black is insufficient to state claim under section 1981).

■ The court agrees with defendants. Nevertheless, because plaintiff has made allegations which seem to fall just short of making out a prima facie case, the court will

---

**2.** Plaintiff alleges she is entitled to pro se status. The Overland Park Defendants, the Don Stein Defendants, Isuzu, and GM question whether plaintiff is truly pro se because she signed her written statement to the OPPD with the suffix "Esq." and because her papers before the court display a better level of legal knowledge than one might expect from a lay person. These defendants moved the court (Docs. 70, 72) to order the plaintiff to disclose whether she has had any legal training or whether an attorney is assisting her in this action and the Magistrate Judge granted those motions on November 18, 1997. However, the court would not construe the plaintiff's pleadings, on the motions now pending, any less liberally regardless of the plaintiff's disclosure on this subject. Therefore, the court proceeds to rule here and to accord plaintiff pro se status for this purpose.

permit plaintiff until December 5, 1997 to amend her complaint to attempt to cure this defect. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) ("[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [her] should be allowed to amend [her] complaint.") (citing *Reynoldson v. Shillinger,* 907 F.2d 124, 126–27 (10th Cir.1990)). If plaintiff fails to amend, the motions of Isuzu the Don Stein Defendants to dismiss her section 1981 claim will be deemed granted.[3] If she does amend, of course, these defendants would remain free to renew their motions should they so desire.

### C. Section 1983 Claims

 Plaintiff asserts 42 U.S.C. § 1983 claims against all defendants. Section 1983 applies to state actors or private actors acting under color of state law who deprive individuals of federally protected rights. *See Gomez v. Toledo,* 446 U.S. 635, 638–40, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). A private defendant acts under color of state law when it conspires with a state actor to deprive an individual of a federally protected right. *See Dixon v. City of Lawton,* 898 F.2d 1443, 1449 n. 6 (10th Cir.1990). Pleadings asserting such a conspiracy claim "must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983).

#### 1. Isuzu and Don Stein Defendants

 Isuzu and the Don Stein Defendants move to dismiss plaintiff's section 1983 claims because they believe she has failed to allege they acted under color of state law. As to Don Stein Buick, Inc. and the multiple unnamed sales agents, the court disagrees. Reading plaintiff's complaint liberally, she has alleged that these defendants acted ·under color of state law by conspiring with the OPPD and various other of the Overland Park Defendants to violate her rights. Isuzu

and the Don Stein Defendants do not attack the sufficiency of this allegation. Accordingly, the motion of the Don Stein Defendants to dismiss plaintiff's section 1983 claim is denied as to Don Stein Buick, Inc. and the multiple unnamed sales agents.

Plaintiff does not allege Isuzu, Mr. Stein, or Mr. Kaplan acted under color of state law nor does she allege they conspired with state actors. Accordingly, Isuzu's motion to dismiss plaintiff's 1983 claims is granted and the Don Stein Defendants' motion to dismiss plaintiff's 1983 claims is granted as to Mr. Stein and Mr. Kaplan.

#### 2. The Overland Park Defendants

Plaintiff alleges the Overland Park Defendants violated her rights to equal protection and due process by refusing timely to provide her with a copy of her statement and by refusing to take the necessary steps to bring criminal charges against the Don Stein Defendants. She also alleges the Overland Park Defendants conspired among themselves and with the Don Stein Defendants to deprive her of equal protection and due process. The Overland Park Defendants ask the court to dismiss plaintiff's section 1983 claims because the allegations in her complaint do not reveal that she was denied any federal right and because plaintiff has failed to sufficiently allege a conspiracy.

 The court grants the defendants' motion with respect to plaintiff's due process claim. "The Due Process Clause of the Fourteenth Amendment ... protects against governmental deprivations of life, liberty, or property without due process of law. In determining whether an individual has been deprived of his or her right to procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and if so, then (2) was the individual afforded an appropriate level of process." *Farthing v. City of Shawnee,* 39 F.3d 1131, 1135 (10th Cir.1994)

---

**3.** Isuzu and the Don Stein Defendants also argue that plaintiff has failed to state a section 1981 claim because she has not shown state action or action under color of law. This argument is without merit because section 1981 does not require state action; it applies to purely private .conduct. *Patterson v. McLean Credit Union,* 491 U.S. 164, 169–71, 109 S.Ct. 2363, 2369, 105 L.Ed.2d 132 (1989).

(citations omitted). Plaintiff here has not alleged facts showing she was deprived of life, liberty, or property. Unlike her section 1981 claim against the Don Stein Defendants, *see supra* part II.B, plaintiff is not even close to alleging a due process violation. Accordingly, plaintiff's section 1983 claim based on the due process clause is dismissed without leave to amend as to the Overland Park Defendants.

 The court denies Overland Park Defendants' motion as to plaintiff's equal protection claim because defendants' papers do not address what the court perceives as the true nature of plaintiff's complaint. The Overland Park Defendants argue that a mere delay in paperwork and a mere reluctance to recommend criminal charges do not deprive plaintiff of equal protection. These defendants do not address, however, whether such a delay violates equal protection if it is racially motivated. *See Washington v. Davis*, 426 U.S. 229, 238–40, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976) ("The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."). Accordingly, the court denies the Overland Park Defendants' motion to dismiss plaintiff's section 1983 claim.[4]

4. Plaintiff is cautioned that her complaint might be deficient in alleging the deprivation of a federal right under section 1983. Plaintiff may wish to address this deficiency in an amended complaint by specifically identifying the federal right she believes the Overland Park Defendants denied her and by pleading specific facts upon which she believes such right was violated. *See, e.g., McCleskey v. Kemp*, 481 U.S. 279, 292–93, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987) (equal protection claim requires intentional discrimination).

5. The Tenth Circuit recognizes two distinct types of section 1983 conspiracy claim.

A § 1983 conspiracy claim may arise when a private actor conspires with [a] state actor to deprive a person of a constitutional right under color of state law.... The conspiracy provides the requisite color of state law under § 1983.

A § 1983 conspiracy claim also may arise when a plaintiff does not wish to rely exclusively on § 1985(3) [the civil rights conspiracy statute] with its requirement of a class-based, discriminatory animus. For example, a plaintiff might be unable to prove a racially motivated conspiracy, but could prove a conspiracy to deprive the plaintiff of civil rights under color

 The court grants plaintiff leave to amend her section 1983 conspiracy claim because plaintiff's complaint falls just short of stating a claim against the Overland Park Defendants.[5] Pleadings asserting a section 1983 conspiracy must set forth specific facts tending to show (1) an agreement between coconspirators and (2) action taken in furtherance of the conspiracy. *See Sooner Prods. Co.*, 708 F.2d at 512 (plaintiff represented by counsel); *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir.1993) (pro se plaintiff). Plaintiff has set forth no such facts. Nevertheless, because the plaintiff's allegations seem to fall just short of making out a prima facie case, the court will permit plaintiff until December 5, 1997 to amend her complaint to attempt to cure this defect. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) ("[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [her] should be allowed to amend [her] complaint.") (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126–27 (10th Cir.1990)). If plaintiff fails to amend, the motion of the Overland Park Defendants to dismiss her section 1983 conspiracy claim will be deemed granted.[6] If

of state law.... Provided there is an underlying [federal right] deprivation, the conspiracy claim allows for imputed liability; a plaintiff may be able to impose liability on one defendant for the actions of another performed in the course of the conspiracy.

*Dixon*, 898 F.2d at 1449 n. 6. This court will refer to the former section 1983 conspiracy theory as the "state-action-based" conspiracy theory and the latter section 1983 conspiracy theory as the "substantive" conspiracy theory.

Only the substantive conspiracy theory applies to the Overland Park Defendants. The Overland Park Defendants are state actors and there is simply no need to provide a further basis to show they acted under color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970). The state-action-based conspiracy theory applies directly to the Don Stein Defendants, however. The Don Stein Defendants, as private actors, are not liable under section 1983 unless they conspired with one or more of the Overland Park Defendants to deprive plaintiff of a federal right. *See Dixon*, 898 F.2d at 1449 n. 6.

6. The court doubts that a non-state-action-based section 1983 conspiracy claim is of any benefit to

she does amend, of course, these defendants would remain free to renew their motion should they so desire.[7]

### 3. Liability of OPPD, City of Overland Park, Chief Douglass, and Mayor Eilert

■ Plaintiff asserts municipal liability against the City of Overland Park and the OPPD for section 1983 violations.[8] She asserts supervisor liability against Chief Douglass and Mayor Eilert for these same violations. Such liability attaches, plaintiff believes, because these defendants negligently supervised, disciplined, and trained their employees. The Overland Park Defendants move to dismiss the plaintiff's section 1983 claims against the City of Overland Park, Chief Douglass, and Mayor Eilert.

■ The court grants the Overland Park Defendants' motion as to Chief Douglass, Mayor Eilert, and the city because plaintiff has not stated a sufficient basis to hold these defendants liable under section 1983. The Supreme Court has long held that there is no respondeat superior liability under section 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Court recently clarified the standard for municipal liability in cases involving allegations of inadequate supervision, discipline, and training:

> That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably. We rec-

ognized these difficulties in *Canton v. Harris,* [489 U.S. 378, 394–95, 109 S.Ct. 1197, 1208 n. 8, 103 L.Ed.2d 412 (1989),] where we considered a claim that inadequate training of shift supervisors at a city jail led to a deprivation of a detainee's constitutional rights. We held that, quite apart from the state of mind required to establish the underlying constitutional violation—in that case, a violation of due process, ... a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences. *A showing of simple or even heightened negligence will not suffice.*

*Board of County Comm'rs v. Brown,* —— U.S. ——, —— – ——, 117 S.Ct. 1382, 1389–90, 137 L.Ed.2d 626 (1997) (emphasis added). The same standard applies to supervisor liability. *Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir.1997) (citing *Langley v. Adams County,* 987 F.2d 1473, 1481 (10th Cir.1993)); *Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir.1995). Plaintiff here has alleged that Chief Douglass, Mayor Eilert, and the city *negligently* failed to supervise, discipline, and train. This is not enough. Accordingly, plaintiff has failed to state a claim against these defendants for any section 1983 violation. Her section 1983 claims against these defendants are dismissed without leave to amend.

### D. Section 1985 Claims

■ Plaintiff asserts 42 U.S.C. § 1985 claims against all defendants. Section 1985

---

plaintiff now that her due process claim has been dismissed because "to recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Dixon,* 898 F.2d at 1449. Racially based equal protection violations would appear to be fully compensable under section 1985(3) without resort to a section 1983 conspiracy claim. *See infra,* part II.D.2.

7. Plaintiff's section 1983 conspiracy claim against the Don Stein Defendants (under the state-action-based theory of section 1983 conspir-

acy) is deficient for the same reasons as her substantive conspiracy claim against the Overland Park Defendants. The Don Stein Defendants did not attack the sufficiency of plaintiff's conspiracy allegations, however. Accordingly, the Don Stein Defendants are not entitled to automatic dismissal if plaintiff fails to amend.

8. OPPD is not a separate suable entity. *See Renalde v. City and County of Denver,* 807 F.Supp. 668, 675 (D.Colo.1992); *see also Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) *vacated on other grounds,* 800 F.2d 230, 231 (10th Cir.1986). The court therefore dismisses OPPD as a defendant.

has three subsections. Section 1985(1) is not at issue here. Section 1985(2) provides a remedy when, *inter alia,* "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." *Wright v. No Skiter, Inc.,* 774 F.2d 422, 425 (10th Cir.1985). Section 1985(3) provides a remedy when the plaintiff can show "(1) the existence of a conspiracy (2) intended to deny [her] equal protection under the laws or equal privileges and immunities of the laws (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy." *Murray v. City of Sapulpa,* 45 F.3d 1417, 1423 (10th Cir.1995) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 101–05, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)). Both section 1985(3) and the relevant portion of section 1985(2) require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush v. Rutledge,* 460 U.S. 719, 724–26, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 101–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)). Furthermore, the Tenth Circuit follows the rule that intracorporate conspiracies are conspiracies for purposes of section 1985. *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1126–27 (10th Cir. 1994). Thus, under the law of this circuit, an agreement between two employees of the same enterprise can constitute a conspiracy for section 1985 purposes. *Id.*

1. Isuzu and the Don Stein Defendants

 Isuzu and the Don Stein Defendants move to dismiss plaintiff's section 1985 claims because they believe she has failed to allege the requisite discriminatory animus. *See Bisbee v. Bey,* 39 F.3d 1096, 1102 (10th Cir. 1994) ("In the absence of allegations of .... racial discriminatory animus, the complaint fails to state a claim under § 1985.") (citations omitted). The court agrees because the

only allusion plaintiff makes to racially discriminatory animus is to declare that she is an African–American person. *Cf. Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir.1985) (allegation that plaintiff is black is insufficient, standing alone, to support discriminatory animus element of section 1985 claim). Nevertheless, because the plaintiff's allegations seem to fall just short of making out a prima facie case, the court will permit plaintiff until December 5, 1997 to amend her complaint to attempt to cure this defect. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) ("[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [her] should be allowed to amend [her] complaint.") (citing *Reynoldson v. Shillinger,* 907 F.2d 124, 126–27 (10th Cir.1990)). If plaintiff fails to amend, the motions of Isuzu and the Don Stein Defendants to dismiss her section 1985 claim will be deemed granted.[9] If she does amend, of course, these defendants would remain free to renew their motions should they so desire.

 The Don Stein Defendants also contend that plaintiff's complaint is deficient in alleging a conspiracy. The court disagrees. Section 1985 conspiracy claims require allegations of agreement and concerted action. *Langley v. Adams County,* 987 F.2d 1473, 1481 (10th Cir.1993). Here, plaintiff's complaint alleges ample facts to give rise to the inference that the unnamed sales agents agreed to act in concert when they joined forces to chase plaintiff off the Don Stein Buick, Inc. lot. *See Brever,* 40 F.3d at 1127–28 (employee of nuclear energy facility subjected to severe harassment after whistleblowing incident alleged facts sufficient to give rise to inference of "meeting of the minds" for section 1985 conspiracy purposes when she alleged such harassment occurred after staff meeting wherein manager stated that "[w]histleblowers will be dealt with severely and completely"). Plaintiff here alleges that a *group* of sales agents came outside

---

9. These defendants also argue that plaintiff has failed to state a section 1985 claim because she has not shown state action or action under color of law. This argument is without merit because section 1985 does not require state action; it applies to purely private conduct. *See Griffin,* 403 U.S. at 105–06, 91 S.Ct. at 1800.

to chase her away after *single individuals* had left her standing and waiting on the Don Stein Buick, Inc. lot. The court

> agree[s] with defendants' assertions that [plaintiff's] complaint is inartfully drawn .... But the nature of conspiracies often makes it impossible to provide details at the pleading stage, ... and granting defendant[s'] motion[ ] to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.... When viewed in the light most favorable to [plaintiff, the court] think[s] the complaint here meets the minimum requirements for pleading a conspiracy.

*Id.* at 1128. Accordingly, the court rejects the Don Stein Defendants' conspiracy argument.

█ Plaintiff does not allege Isuzu, Mr. Stein, or Mr. Kaplan were part of this conspiracy, nor does she allege any facts upon which a conspiracy on the part of these defendants could be found. Accordingly, Isuzu's motion to dismiss plaintiff's section 1985 claims is granted without leave to amend and the Don Stein Defendants' motion to dismiss plaintiff's 1985 claims is granted without leave to amend as to Mr. Stein and Mr. Kaplan.

### 2. The Overland Park Defendants

█ The Overland Park Defendants argue that plaintiff has not sufficiently alleged a conspiracy as to them. The court agrees because plaintiff has alleged neither an agreement nor concerted action. *See Langley,* 987 F.2d at 1481. Plaintiff's only allegation of conspiracy as to these defendants is a conclusory allegation that they conspired with the Don Stein Defendants to delay her in her attempts to avenge the alleged assault. *See Brever,* 40 F.3d at 1126 ("more than mere conclusory allegations are required to state a valid claim"). Unlike her conspiracy claim against Don Stein Buick, Inc., plaintiff does not allege facts sufficient to create an inference of a conspiracy here. Nevertheless, because the plaintiff's allegations seem to fall just short of making out a prima facie case, the court will permit plaintiff until De-

cember 5, 1997 to amend her complaint to attempt to cure this defect. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) ("[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [her] should be allowed to amend [her] complaint.") (citing *Reynoldson v. Shillinger,* 907 F.2d 124, 126–27 (10th Cir.1990)). If plaintiff fails to amend, the motion of the Overland Park Defendants to dismiss her section 1985 claim will be deemed granted. If she does amend, of course, these defendants would remain free to renew their motion should they so desire.

### 3. Liability of City of Overland Park, Chief Douglass, and Mayor Eilert

█ The court dismisses without leave to amend plaintiff's section 1985 claim against the City of Overland Park, Chief Douglass, and Mayor Eilert for the same reasons it dismissed plaintiff's section 1983 claim against these defendants. Standards for municipal and supervisor liability in the section 1985 context are the same as standards for municipal and supervisor liability in the section 1983 context. *See Howard v. Topeka–Shawnee County Planning Comm'n,* 578 F.Supp. 534, 538 (D.Kan.1983) (citing *Draeger v. Grand Central, Inc.,* 504 F.2d 142, 145 (10th Cir.1974)); *Lee v. Wyandotte County,* 586 F.Supp. 236, 240 (D.Kan.1984); *see also Adams v. Pate,* 445 F.2d 105, 107 n. 2 (7th Cir.1971).

### E. Section 1986 Claims

█ 42 U.S.C. § 1986 provides a remedy for plaintiffs against those who have knowledge of a section 1985 conspiracy, the ability to aid in its prevention, and who fail to exercise that ability. *Brever,* 40 F.3d at 1124 n. 5. Plaintiff asserts section 1986 claims against GM, Isuzu, the Don Stein Defendants, and the Overland Park Defendants. Only Isuzu and the Don Stein Defendants move to dismiss.

█ Isuzu and the Don Stein Defendants move to dismiss plaintiff's section 1986 claims (1) because plaintiff has not shown a section 1985 conspiracy and (2) because plaintiff has

failed to allege they had knowledge of such a conspiracy. Except as to Mr. Stein, Mr. Kaplan, and Isuzu, the court rejects these arguments. The defendants are correct that the lack of a section 1985 conspiracy precludes a claim under section 1986. *See Santistevan v. Loveridge,* 732 F.2d 116, 118 (10th Cir.1984). The court, however, has not dismissed plaintiff's section 1985 conspiracy claims. The defendants thus are not entitled to dismissal on that basis. *See supra* part II.D.1. The defendants are also correct that a section 1986 claim requires that the defendants have knowledge of the alleged conspiracy. Plaintiff has alleged, however, that a number of the Don Stein Defendants *took part* in the alleged conspiracy. Any argument that they had no knowledge of it is without merit.

The court nevertheless grants without leave to amend the defendants' motions as to Mr. Stein, Mr. Kaplan, and Isuzu. Plaintiff has not alleged that these defendants had knowledge of the alleged conspiracy. She alleged only that these defendants are vicariously liable for the acts of their agents—an insufficient basis for liability under section 1986. *See Hampton v. City of Chicago,* 484 F.2d 602, 610 (7th Cir.1973) ("Liability under § 1986 ... is dependent on proof of actual knowledge by a defendant of the wrongful conduct of his [or her] subordinates.").

### F. Violence Against Women Act

Plaintiff alleges that Isuzu, GM, and the Don Stein Defendants violated the Violence Against Women Act of 1994, 42 U.S.C. § 13981. This act provides a cause of action to victims of crimes of violence when those crimes are motivated by gender. § 13981(c). A crime of violence is "an act or series of acts that would constitute a felony against the person" if such crime "has as an element the threatened use of physical force against the person ... of another, or ... involves a substantial risk that physical force against the person ... of another may be used in the course of committing the offense." § 13981(d)(2); 18 U.S.C. § 16. The Don Stein Defendants argue they are entitled to dismissal because plaintiff has not alleged they committed acts sufficient to constitute a

felony and because plaintiff has failed to allege that the alleged aggravated assault was motivated by plaintiff's gender.

 Plaintiff has sufficiently alleged that the unnamed Don Stein Buick–Isuzu, Inc. sales agents subjected her to the felony of aggravated assault. In Kansas, the felony of aggravated assault occurs when a person uses a deadly weapon to intentionally place another person in reasonable apprehension of immediate bodily harm. K.S.A. § 21–3410. A deadly weapon is "an instrument which, from the manner in which it is used, is calculated or likely to produce death or serious bodily injury." *State v. Guebara,* 24 Kan.App.2d 260, 944 P.2d 164, 168 (1997). The deadly weapon test is an objective one; the instrument and its use must be evaluated from the point of view of a reasonable person. *State v. Colbert,* 244 Kan. 422, 428, 769 P.2d 1168 (1989). Plaintiff here alleged that the unnamed sales agents "physically charged forward in [her] direction *with writing instruments in hand,* and subjected [her] to violent threats, menacing body gestures, [and] threatening screams and shouts." (emphasis added). These actions no doubt placed her in reasonable apprehension of immediate bodily harm. Furthermore, despite defendants' arguments, the court is not prepared to hold as a matter of law that a "writing instrument" used in this manner can never be a deadly weapon. Plaintiff has sufficiently alleged the felony of aggravated assault.

 Plaintiff has not sufficiently alleged that the alleged aggravated assault was motivated by her gender. Plaintiff alleged merely that she is female. Although her complaint is deficient in this respect, the court grants plaintiff until December 5, 1997 to cure this defect. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) ("[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [her] should be allowed to amend [her] complaint.") (citing *Reynoldson v. Shillinger,* 907 F.2d 124, 126–27 (10th Cir.1990)). If plaintiff fails to amend, the Don Stein Defendants' motion to dismiss her Violence Against Women Act claim will be deemed

granted. If she does amend, of course, these defendants would remain free to renew their motion should they so desire.

### G. Interference with Prospective Business Advantage

■ Plaintiff alleges that the Don Stein Defendants tortiously interfered with a prospective business advantage by refusing to serve her. The Don Stein Defendants ask for dismissal of this claim.

The court grants the Don Stein Defendants' motion on this claim without leave to amend because tortious interference with prospective business advantage "requires some type of communication between the defendant and [a] third party in which the defendant induces the third party not to engage in a prospective contract or business relation with the plaintiff." *DP–Tek v. AT&T Global Info. Co.*, 891 F.Supp. 1510, 1520 (D.Kan.1995), *aff'd* 100 F.3d 828 (10th Cir.1996); *cf. Pizza Management, Inc. v. Pizza Hut, Inc.*, 737 F.Supp. 1154, 1161–62 (D.Kan.1990) (act of breaching a contract may serve as predicate intentional misconduct to support interference with prospective business advantage tort, but only if such breach was committed with intent to interfere with plaintiff's relationships with *third parties* ). Plaintiff has identified no prospective business relationship other than her potential relationship with Don Stein Buick, Inc. itself. She has not stated a claim for tortious interference with prospective business advantage.

### H. Assault

■ The court denies the Don Stein Defendants' motion for dismissal of plaintiff's common law assault claim. Plaintiff has clearly alleged a common law assault by alleging the unnamed sales agents physically charged toward her while threatening her. *See Vetter v. Morgan*, 22 Kan.App.2d 1, 4, 913 P.2d 1200 (1995) ("Assault is defined as an intentional threat or attempt, coupled with

apparent ability, to do bodily harm to another, resulting in immediate apprehension of bodily harm.").

### I. Qualified Immunity of Individual Overland Park Defendants [10]

■ Officer Stovall, the unnamed desk clerk of OPPD, Chief Douglass, and Mayor Eilert (the "Individual Overland Park Defendants") move to dismiss plaintiff's claims because of qualified immunity.[11] Government officials performing administrative or executive functions have qualified immunity from suit under civil rights statutes if "their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817–19, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "[W]hen a defendant raises a qualified immunity defense, the plaintiff bears a heavy burden and must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Laidley v. McClain*, 914 F.2d 1386, 1394 (10th Cir.1990) (citing *Hannula v. City of Lakewood*, 907 F.2d 129, 130–31 (10th Cir. 1990)). This burden is not met "merely by identifying in the abstract a clearly established right and then alleging defendant violated that right. To satisfy [her] burden, the plaintiff must make a more particularized showing—'[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right.'" *Patrick v. Miller*, 953 F.2d 1240, 1243 (10th Cir.1992) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639–41, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)).

The court will retain defendants' motion under advisement. Plaintiff has failed to make the requisite particularized showing as to her equal protection claim under section

---

**10.** Plaintiff requests oral argument on this motion. The court has reviewed the papers submitted by both parties and concludes that oral argument would not be helpful. Accordingly, plaintiff's request is denied. *See* D. Kan. Rule 7.2.

**11.** The court has already dismissed the section 1983 and 1985 claims against Chief Douglass and Mayor Eilert on other grounds. *See supra* parts III.C.3 and III.D.3.

1983. Plaintiff's response to defendants' motion states:

> Because defendant Stovall failed to treat the plaintiff's criminal charge, failed to respond to the plaintiff's addendum letter describing the assault, and failed to respond to the plaintiff's subsequent phone call for redress, the plaintiff, in effect, was denied the constitutional right of equal protection in having her criminal charge denied treatment by the Overland Park Police Department.

Plaintiff's response might be sufficient to establish the violation of a clearly established right if she had alleged Officer Stovall's conduct and the conduct of the unnamed clerk were racially motivated. *See Washington v. Davis*, 426 U.S. 229, 238–40, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976) ("The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."). Plaintiff has also failed to make the requisite showing as to her conspiracy claim under section 1985, *see supra* part III.D.2, but the court has granted her leave to amend. Accordingly, the court will delay ruling on the qualified immunity issue until the time for plaintiff to amend her complaint has passed. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) ("[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [her] should be allowed to amend [her] complaint.") (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126–27 (10th Cir.1990)).

### J. Vicarious Liability of Isuzu

■ Plaintiff alleges Isuzu is vicariously liable for the torts of Don Stein Buick, Inc. Without citing any authority, Isuzu claims it is not vicariously liable. For the purposes of a motion to dismiss, the court must accept plaintiff's allegations as true. *Jojola v. Chavez*, 55 F.3d 488, 494 n. 8 (10th Cir.1995) (citing *Swanson v. Bixler*, 750 F.2d 810, 813

(10th Cir.1984)). Accordingly, Isuzu is not entitled to dismissal.

### III. Motion for Summary Judgment

The Federal Defendants move to dismiss or, in the alternative, for summary judgment.[12] For the reasons explained below, the court grants summary judgment to these defendants.[13]

### A. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anthony v. United States*, 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir.1994) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511–12). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

### B. Personal Jurisdiction

■ The Federal Defendants contend that plaintiff has failed to establish personal jurisdiction over Agent Hillman, Supervisory Special Agent Chornyak, Postal Inspector Moneca Mills (the formerly unnamed agent from the Office of the Postal Inspector), Director Freeh, and General Runyon (the "In-

---

**12.** Because the court considers matters outside the pleadings in its resolution of this motion, the court treats the Federal Defendants' motion as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

**13.** Plaintiff requests oral argument on this motion. The court has reviewed the papers submitted by both parties and concludes that oral argument would not be helpful. Accordingly, plaintiff's request is denied. *See* D. Kan. Rule 7.2.

dividual Federal Defendants") because she has not properly served them with process. *See Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 102–04, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). The court agrees. Rule 4 of the Federal Rules of Civil Procedure delineates various methods of effecting service of process. Rule 4(d) allows a plaintiff to invite certain defendants to waive service by mailing them such an invitation. If the defendants refuse the invitation, plaintiff must serve them by more traditional methods and is not relieved of the duty to effect service. *See* 1993 Advisory Committee Notes to Rule 4(d); *Bernard v. ABF Freight Sys.,* No. 94–3164, 1995 WL 4087, at *1 (10th Cir. Jan.6, 1995) (unpublished).[14] Rule 4(i) explains how a plaintiff may serve the United States and its agents in their official capacities. Rule 4(i) does not provide a method of serving agents of the United States in their individual capacities, however. *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir.1994) ("When a plaintiff proceeds against an agent of the government in his or her individual capacity, the plaintiff must effect personal service on that agent in compliance with [some other valid rule].").

 The court grants summary judgment to the Individual Federal Defendants because plaintiff has failed to effect service of process. Plaintiff properly served all of the Individual Federal Defendants in their official capacities pursuant to Rule 4(i).[15] Plaintiff failed, however, to effect service on these defendants in their individual capacities in compliance with any valid rule. Although plaintiff mailed invitations to the Individual Federal Defendants to waive service, none of them responded, and so she needed to have

effected service in some other fashion. Plaintiff did not do so and cannot do so now because her time for service has passed. *See* Fed.R.Civ.P. 4(m).

## C. Section 1983 and *Bivens* Claims

 The Federal Defendants move for dismissal of plaintiff's section 1983 claim because the Federal Defendants did not act under color of state law.[16] *See Wheeldin v. Wheeler,* 373 U.S. 647, 649–51, 83 S.Ct. 1441, 1444, 10 L.Ed.2d 605 (1963). The court agrees. The Federal Defendants acted under color of *federal* law, not state law.

 Reading plaintiff's complaint liberally, however, it is apparent that plaintiff intends to assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for violation of her Fourth Amendment right to be free from an unreasonable warrantless search. Plaintiff apparently believes that the federal agents conducted a Fourth Amendment search when they examined her postal registration card.

In any event, the court dismisses plaintiff's *Bivens* claim because the actions of the Federal Defendants did not constitute a search. A Fourth Amendment search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. *Soldal v. Cook County,* 506 U.S. 56, 62–4, 113 S.Ct. 538, 544, 121 L.Ed.2d 450 (1992) (citations omitted). Plaintiff does not have an objectively reasonable expectation of privacy in her address card because it "contain[ed] only information voluntarily conveyed to the [postal service] and exposed to [its] employees in the ordinary course of business."

---

**14.** Although the Tenth Circuit generally does not favor citation to an unpublished opinion, such an opinion may be cited if, as in the present case, it has persuasive value on a material issue.

**15.** There is some question whether plaintiff properly served Inspector Mills, because Inspector Mills was listed as an "unnamed agent" when plaintiff instituted this lawsuit. Whether Inspector Mills was served in her official capacity is irrelevant to the disposition of this motion, however.

**16.** The Federal Defendants also assert that plaintiff has failed to establish subject matter jurisdic-

tion under 28 U.S.C. § 1343(3). This argument is without merit because whatever plaintiff's ability to assert jurisdiction under section 1343(3), her complaint clearly alleges facts sufficient to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Her failure to cite section 1331 does not entitle the Federal Defendants to dismissal. *See Tripati v. INS,* 784 F.2d 345, 346 n. 1 (10th Cir.1986) (pro se plaintiff incorrectly asserting subject matter jurisdiction over claims against federal defendants under section 1343 nevertheless entitled to proceed on basis of section 1331 jurisdiction).

*United States v. Miller,* 425 U.S. 435, 442–44, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976); *United States v. Choate,* 576 F.2d 165, 175 (9th Cir.1978). Likewise, plaintiff does not have a reasonable expectation of privacy in her address itself, because anyone could observe her travel to and from her living quarters. *See Katz v. United States,* 389 U.S. 347, 350–52, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) ("[w]hat a person knowingly exposes to the public ... is not a subject of Fourth Amendment protection.... The Fourth Amendment protects people, not places.").

### D. Section 1985 Claim

■ The Federal Defendants are entitled to summary judgment on plaintiff's section 1985 claim. Plaintiff is entitled to pursue her section 1985 claim only against the United States Postal Service ("USPS") and the FBI because she failed to effect service upon the Individual Federal Defendants. As the court has already recognized, section 1985 suits against entities require a plaintiff to show the entity acted with deliberate indifference. *See Howard v. Topeka–Shawnee County Planning Comm'n,* 578 F.Supp. 534, 538 (D.Kan.1983) (citing *Draeger v. Grand Central, Inc.,* 504 F.2d 142, 145 (10th Cir.1974)); *Lee v. Wyandotte County,* 586 F.Supp. 236, 240 (D.Kan.1984); *see also Adams v. Pate,* 445 F.2d 105, 107 n. 2 (7th Cir.1971). Plaintiff has not alleged deliberate indifference on the part of the USPS or the FBI here.[17]

### E. Privacy Act Claim

■ Plaintiff brings claims against the Federal Defendants for violation of the Privacy Act, 5 U.S.C. § 552a. The Privacy Act provides a cause of action against federal agencies for, inter alia, their unauthorized release of certain information. *See Andrews v. Veterans Administration,* 838 F.2d 418, 421–22 (10th Cir.1988). The agency unlawfully releasing the information is the only proper party to a Privacy Act suit for damages. *See* 5 U.S.C. § 552a(b) ("No *agency* shall disclose ....") (emphasis added);

§ 552a(g)(1)(D) (providing civil remedy "Whenever any *agency* [unlawfully discloses information]") (emphasis added); *see also Schowengerdt v. General Dynamics Corp.,* 823 F.2d 1328, 1340 (9th Cir.1987) (no right of action against individuals); *Brown–Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) (no right of action against individuals); *cf. Hernandez v. Alexander,* 671 F.2d 402, 410 (10th Cir.1982) (implying that no action lies against agency receiving unlawfully disclosed information). Plaintiff here alleges that the USPS improperly released her address to Agent Hillman of the FBI. Accordingly, the USPS is the only proper party to plaintiff's Privacy Act claim.

The Privacy Act states in pertinent part:

No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written approval of, the individual to whom the record pertains, unless disclosure would be—

. . .

(3) for a routine use . . . .

5 U.S.C. § 552a(b)(3). "Routine uses" must be expressly identified in the federal register. § 552a(e)(4)(D). The Privacy Act further provides:

(g)(1) Civil Remedies—Whenever any agency

. . .

(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse affect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

. . .

(4) In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this

---

**17.** The Federal Defendants also argue that dismissal of plaintiff's section 1985 claim is appropriate because the Federal Defendants did not act under color of state law. This argument is without merit because section 1985 has no "un-der color of state law" requirement; it applies to actions taken under color of federal law. *See Dry Creek Lodge, Inc. v. United States,* 515 F.2d 926, 931 (10th Cir.1975); *Hobson v. Wilson,* 737 F.2d 1, 19–20 (D.C.Cir.1984).

section in which the court determines that the agency acted in a manner which was *intentional or willful*, the United States shall be liable to the individual in an amount equal to the sum of—

(A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and

(B) the costs of the action together with reasonable attorney fees as determined by the court.

5 U.S.C. § 552a(g) (emphasis added). The Tenth Circuit has held these provisions to entitle a plaintiff to recover when he or she demonstrates that an agency's unlawful disclosure of information is "intentional or willful" and has an "adverse effect" upon the plaintiff. *Andrews*, 838 F.2d at 422.

■ An agency's unlawful disclosure is "intentional or willful" under the Privacy Act if it is "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful," *Id.* at 425 (citing *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C.Cir.1987), if it is "committed without grounds for believing it to be lawful," or if it "flagrantly" disregards the rights of others). *Andrews*, 838 F.2d at 425 (citing *Albright v. United States*, 732 F.2d 181, 189 (D.C.Cir.1984)). The unlawful conduct must amount to, at the least, reckless behavior on the part of the revealing agency itself. *Andrews*, 838 F.2d at 425 (citing *Moskiewicz v. USDA*, 791 F.2d 561, 564 (7th Cir.1986)).

■ The parties first dispute whether the United States Postal Service's release of plaintiff's address was unlawful. Specifically, the parties dispute whether the Postal Inspector's Office provided plaintiff's address to FBI Agent Hillman pursuant to an appropriately identified "routine use."

The court finds plaintiff has demonstrated a genuine issue of material fact about whether the Postal Inspector's office unlawfully released her address to Agent Hillman. Relevant postal regulations allow Postal Inspectors to release the names and addresses of Postal Service customers:

(i) To a federal, state or local government agency upon prior written certification that the information is required for the performance of its duties.

. . .

(iv) To a law enforcement agency, for oral requests made through the Inspection Service, but only after the Inspection Service has confirmed that the information is needed in the course of a criminal investigation. (All other requests from law enforcement agencies should be submitted in writing to the postmaster as in paragraph [(i)] of this section.)

39 C.F.R. § 265.6(d)(4). In her affidavit, Postal Inspector Moneca Mills states that she obtained plaintiff's address for Agent Hillman because Agent Hillman "indicated he was handling a civil rights investigation for the FBI." She gave Agent Hillman the address orally. This action by Inspector Mills was clearly unlawful because she failed to confirm that Agent Hillman was conducting a criminal investigation or insist that Agent Hillman submit his request in writing. Accordingly, the USPS is not entitled to summary judgment on these grounds.

■ The USPS next argues that even if it unlawfully released plaintiff's address, it did not act willfully or intentionally, and so cannot be liable under the Privacy Act. The court agrees. Inspector Mills' affidavit reveals her belief that "I am allowed to provide [addresses] to fellow law enforcement officers conducting investigations." Although her alleged actions are unlawful and a misinterpretation of the letter of the relevant postal regulations, Inspector Mills' failure to confirm that Agent Hillman's request was pursuant to a criminal investigation or her failure to insist that he submit his information request in writing does not amount to conduct that is "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." Inspector Mills apparently believed her action was proper, and her action *would* have been proper had she merely insisted on a more time consuming procedure. Inspector Mills' conduct was not "committed without grounds for believing it to be lawful." She knew that postal regulations allow her to release infor-

mation to the FBI. Nor was her conduct "flagrantly" in disregard for the plaintiff's rights. Inspector Mills' had no reason to believe Agent Hillman had improper motives.

Privacy Act cases from this and other circuits confirm that the conduct of the USPS here simply does not amount to intentional and willful conduct. *See, e.g., Wisdom v. Department of Housing and Urban Development,* 713 F.2d 422, 424–425 (8th Cir.1983) (release of information pursuant to rules specified in official handbook was not "intentional or willful" even though such release was unlawful under Privacy Act and even though handbook should have been updated to reflect Privacy Act requirements) *cited with approval in Andrews,* 838 F.2d at 425; *cf. Parks v. IRS,* 618 F.2d 677 (10th Cir. 1980) (allegation that unlawful disclosure was not needed by requesting agency and that offending agency intended released information to be used for improper purpose was sufficient to raise inference of intentional and willful conduct). Accordingly, the court grants summary judgment to the Federal Defendants on plaintiff's Privacy Act claim.[18]

## IV. Plaintiff's Motions to Compel Answers

 Plaintiff moves to compel an answer from Isuzu and the Don Stein Defendants. The court denies these motions as moot because the time for filing an answer has not yet passed for these defendants. Both Isuzu and the Don Stein Defendants filed motions to dismiss which are resolved in this memorandum and order. Federal Rule of Civil Procedure 12(a)(4)(A) provides that a defendant filing a motion to dismiss has ten days after notice of the courts' action to file an answer.

The court has granted plaintiff leave until December 5, 1997 to amend her complaint. Accordingly, the time to answer for all defendants [19] is hereby extended until 10 days after the court rules on the motion retained under advisement and any renewed motions

to dismiss filed pursuant to plaintiff's amendments, if any. *See* Fed.R.Civ.P. 12(a)(4) (normal responsive pleading time rules apply "[u]nless a different time is fixed by the court").

## V. Conclusion

Plaintiff is instructed that she may file an amended complaint by December 5, 1997. Her amended complaint may reassert any claims that were not dismissed herein and any claims as to which the court granted her leave to amend. Her amended complaint may not, however, include any claim herein dismissed unless leave to amend was specifically given.

Plaintiff is also cautioned that she may be subject to monetary sanctions, including the payment of attorney fees for the defense of her claims, if her pleadings and other papers before this court do not conform with Fed. R.Civ.P. 11(b). *See* Fed.R.Civ.P. 11(c). Specifically, plaintiff is cautioned that

> [b]y presenting to the court . . . a pleading, written motion, or other paper, . . . an unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) *the allegations or other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reason-*

---

18. Plaintiff's arguments tend to focus on the acts of Agent Hillman in attempting to obtain information about her. As the court described, however, Agent Hillman's actions are not at issue for purposes of the Privacy Act because the FBI did

not unlawfully disclose any information about plaintiff.

19. Defendant GM has already filed an answer, so this extension of time does not apply to GM.

*able opportunity for further investigation or discovery ....*

Fed.R.Civ.P. 11(b) (emphasis added).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motion to dismiss of defendants T.A. Stovall, John M. Douglass, Overland Park Police Department, City of Overland Park, Ed Eilert, and the unnamed desk clerk of the Overland Park Police Department (Doc. 17) is granted in part and denied in part as follows: (1) the Overland Park Police Department is dismissed entirely from this action; (2) plaintiff's 42 U.S.C. §§ 1983 and 1985 claims against the City of Overland Park, Chief Douglass, and Mayor Eilert are dismissed; (3) plaintiff's section 1983 claim is dismissed to the extent it is based on the due process clause; (4) plaintiff is granted leave until December 5, 1997 to amend her § 1983 conspiracy claim and her § 1985 claim; (5) if plaintiff fails to so amend, these claims against these defendants will be deemed dismissed; (6) in all other respects, this motion is denied.

**IT IS FURTHER ORDERED THAT** the motion to dismiss of defendants Don Stein Buick, Inc., Don Stein, Jerry Kaplan, and multiple unnamed sales agents of Don Stein Buick–Isuzu, Inc. (Doc. 19) is granted in part and denied in part as follows: (1) plaintiff's 42 U.S.C. §§ 1983, 1985, and 1986 claims against Don Stein and Jerry Kaplan are dismissed; (2) plaintiff's tortious interference with prospective business advantage claim is dismissed; (3) plaintiff is granted leave until December 5, 1997 to amend her section 1981, 1985, and Violence Against Women Act claims; (4) if plaintiff fails to so amend, these claims against these defendants will be deemed dismissed; (5) in all other respects, this motion is denied.

**IT IS FURTHER ORDERED THAT** the motion to dismiss of defendant American Isuzu Motors, Inc. (Doc. 53) is granted in part and denied in part as follows: (1) plaintiff's section 1983, 1985, and 1986 claims against this defendant are dismissed; (2) plaintiff is granted until December 5, 1997 to amend her section 1981 claim; (3) if plaintiff fails to so amend, her section 1981 claim against this defendant will be deemed dis-

missed; (4) in all other respects, this motion is denied.

**IT IS FURTHER ORDERED THAT** the motion to dismiss or in the alternative for summary judgment of defendants Frederick S. Hillman, William M. Chornyak, Federal Bureau of Investigation, Louis J. Freeh, United States Postal Service, Marvin Runyon, and the unnamed agent from the Office of the United States Postal Inspector (Doc. 57) is granted.

**IT IS FURTHER ORDERED THAT** the motion to dismiss on qualified immunity grounds of defendants T.A. Stovall, John M. Douglass, Ed Eilert, and the unnamed desk clerk of the Overland Park, Kansas, Police Department (Doc. 65) is retained under advisement.

**IT IS FURTHER ORDERED THAT** the motions of all defendants except General Motors Corporation (Docs. 83, 85, 88) to strike plaintiff's second amended complaint are granted. Plaintiff's second amended complaint is ordered stricken.

**IT IS FURTHER ORDERED THAT** plaintiff's motions to compel answers from American Isuzu Motors, Inc. (Doc. 78) and from Don Stein Buick, Inc., Don Stein, Jerry Kaplan, and the multiple unnamed sales agents of Don Stein Buick–Isuzu, Inc. (Doc. 80) are denied as moot.

**IT IS FURTHER ORDERED THAT** the time to file an answer for all defendants except General Motors Corporation is hereby extended until 10 days after the court rules on the motion retained under advisement and any renewed motions to dismiss filed pursuant to plaintiff's amendments, if any.

**IT IS SO ORDERED.**